UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAMARA H.,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C24-5016-SKV

ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1985, has a high school education, and previously worked as a sales associate, customer service worker, crew member, and housekeeper. AR 70, 83-84. Plaintiff was last gainfully employed in April 2019. AR 20.

In November 2020, Plaintiff applied for benefits, alleging disability as of April 2018. AR 184-88. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

requested a hearing. AR 70-93, 96-102. After the ALJ conducted a hearing in September 2022, the ALJ issued a decision finding Plaintiff not disabled.[1] AR 17-36.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**: Plaintiff engaged in substantial gainful activity from April 2018 to April 2019. After April 2019, Plaintiff did not engage in substantial gainful activity.

**Step two**: Plaintiff has the following severe impairments: lumbar degenerative disc disease; migraine headaches; cardiac abnormality; and obesity.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity**: Plaintiff can perform medium work with some limitations: occasional climbing of ladders, ropes or scaffolds; frequent exposure to extreme cold, heat and unprotected heights; and occasional exposure to extreme vibrations and noise that is greater than moderate.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 19-21, 24, 34, 36.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 3.

//

//

//

---

[1] The ALJ's decision is out of order in the record. The correct order is AR 17-20, 23, 21, 24, 22, 25-36.
[2] 20 C.F.R. § 404.1520.
[3] 20 C.F.R. Part 404, Subpart P., App. 1.

# LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

//
//
//
//
//

# DISCUSSION

Plaintiff argues the ALJ erred by misevaluating her testimony.[4] Dkt. 7. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed. Dkt. 9.

### A.  The ALJ Did Not Err in Evaluating Plaintiff's Testimony

The ALJ considered Plaintiff's testimony and discounted it based on inconsistencies with her daily activities and the objective medical evidence. AR 22, 24-31. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). This requires the ALJ to specify which testimony is not credible and which evidence contradicts it. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). However, the ALJ is not required to believe every claim of disabling pain or to analyze Plaintiff's testimony line by line. *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021); *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff argues the ALJ erred by finding her testimony unpersuasive due to her inconsistent recollections about the number of boxes that fell on her during her April 2018 workplace accident. Dkt. 7 at 4. The ALJ observed that Plaintiff's descriptions of the incident evolved over time, undermining the credibility of her claims. AR 22, 25-27. An ALJ may rely

---

[4] The Court declines to address Plaintiff's conclusory challenges concerning the ALJ's step three through five findings. *See* Dkt. 7 at 3-4 ("*Plaintiff disputes this finding and conclusion*") (emphasis original); *but see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the court will not address issues that are not argued with specificity in the briefing); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) ("a bare assertion of an issue does not preserve a claim"). Plaintiff's conclusory assertion that the ALJ's decision is not supported by substantial evidence is similarly insufficient to raise the argument for appeal. *See* Dkt. 7 at 6.

on inconsistencies in the medical record and in statements to reject testimony. 20 C.F.R. § 404.1529(c)(4); s*ee Farlow v. Kijakazi*, 53 F.4th 485, 489 (9th Cir. 2022); *see also Eblen v. Saul*, 811 F. App'x 417, 420 (9th Cir. 2020) (ALJ properly discounted testimony based on inconsistent statements); *Jack S. v. Saul*, 2020 WL 6044547, at *4 (D. Or. Oct. 13, 2020) (ALJ properly discounted statements based on inconsistencies about how injury occurred). Initially, Plaintiff reported that "eight boxes" fell on her, causing neck and back injuries. AR 22, 26 (citing AR 912). By June 2019, the number had increased to "10 boxes," later to "10-15 boxes," and by May 2020, to "20-30 boxes," with additional claims about where the boxes struck her. AR 26 (citing AR 391, 478, 913, 927). By September 2022, Plaintiff testified that "30-40" boxes had fallen. AR 27 (citing AR 52). The ALJ reasonably inferred that these discrepancies undermined Plaintiff's credibility. Although this may not be the only possible interpretation, it is rational and must therefore be upheld. *Smartt*, 53 F.4th at 494.

      Plaintiff also contends the ALJ erred by finding her daily activities and attempts to return to work inconsistent with her claimed limitations. Dkt. 7 at 5-6. The ALJ noted that Plaintiff reported engaging in various activities, including caring for her mother-in-law, cleaning, running errands, cooking, and exercising using Zumba videos. AR 25-26 (citing AR 203-07, 1533). Additionally, in August 2021, Plaintiff indicated that she was actively walking, doing housework, and packing for a move. AR 827. The ALJ reasonably concluded these activities conflicted with Plaintiff's testimony that she could not lift more than ten pounds or endure prolonged sitting, standing, or walking. AR 25-26. An ALJ may rely on clear and convincing evidence, including contradictions between daily activities and testimony, to discount symptom testimony. *See Farlow*, 53 F.4th at 489. Plaintiff's challenge, which merely seeks a more favorable interpretation, does not establish that the ALJ erred. Even if the evidence could be

1  interpreted differently, the ALJ's conclusion was reasonable and must therefore be affirmed. *See*

2  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (affirming ALJ where evidence of

3  activities had more than one rational interpretation); *see also Molina*, 674 F.3d at 1112-1113

4  ("Even where . . . activities suggest some difficulty in functioning, they may be grounds for

5  discrediting the claimant's testimony to the extent that they contradict claims of a totally

6  debilitating impairment.").

7        In sum, the ALJ provided clear and convincing reasons for discounting Plaintiff's

8  testimony, supported by substantial evidence from the medical record and her reported activities.

9  Each of Plaintiff's arguments—regarding her changing account of the accident, her efforts to

10 return to work, and her daily activities—fails to demonstrate error. Moreover, even if the ALJ

11 had overstated the degree to which Plaintiff's activities or statements contradicted her testimony,

12 this line of argument would identify at most harmless error in the ALJ's decision because the

13 ALJ's other reasons (conservative treatment; unremarkable clinical evidence; lack of emergency

14 treatment; symptom exaggeration) are unchallenged. *See Carmickle*, 533 F.3d 1155, 1162-63

15 (9th Cir. 2008).

16                       **CONCLUSION**

17       For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and

18 this case is **DISMISSED** with prejudice.

19       Dated this 14th day of August, 2024.

21                                        S. KATE VAUGHAN
                                       United States Magistrate Judge